...

AO 451 (Rev. 01/09) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 99 CV 3372 (LAP) |
| PETER ROOR, ET AL. (RONALD L. TEMPLIN) ) | |
| *Defendant* ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*   06/20/2014   .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date: 9/8/2014

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

Case 1:14-mc-00088-SEB-TAB   Document 1   Filed 09/09/14   Page 2 of 7 PageID #: 2
Case 1:99-cv-03372-LAP   Document 111   Filed 06/20/14   Page 1 of 6
Case 1:99-cv-03372-HB   Document 110-2   Filed 06/09/14   Page 1 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

- against -

PETER ROOR (actually PIETER ROOR), individually and d/b/a Oxford Savings Club, Ltd. and Manumit Unlimited, RONALD L. TEMPLIN, individually and d/b/a American Leadership Network, Saratoga Holdings LLC, Secured Private Placements, The 650 Club, Internet Marketing Partners, and Private Party Loan Program, and LAURIE ELIZABETH WEISS,

Defendants.

99 CV 3372 (HB)

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 111
DATE FILED: 6/20/14
```

## [PROPOSED] FINAL JUDGMENT
## AGAINST DEFENDANT RONALD L. TEMPLIN

WHEREAS, on August 29, 2004 the Court (Hon. Harold Baer) rendered an "Opinion & Order" (Dkt. No. 95), entered by the Clerk on August 31, 2004 (the "Opinion & Order"). The Opinion & Order stated, in part:

> For the following reasons, the SEC's motion for summary judgment against defendants Roor and Templin is granted. Roor and Templin are permanently enjoined from violating the federal securities laws. Roor is ordered to disgorge $1 million and Templin is ordered to disgorge $1,502,265.04. However, if he so desires, Templin may submit further evidence of the exact amount of Sandra Templin's payroll deposits into the checking account jointly held by the Templins at First National Bank & Trust within 10 days of the date hereof and, should Templin avail himself of this opportunity, the SEC will have 10 days to respond and the Court will consider a reduction to the amount of Templin's disgorgement. The Clerk of the Court will calculate pre-judgment interest on the disgorged amounts using the IRS rate for underpaid taxes. The assets ordered frozen on June 7, 1999 are to be turned over to the SEC with all accumulated interest in satisfaction of the amount of disgorgement. Should the interest exceed the Clerk's calculation it will be refunded to the defendants. Roor is further ordered to pay a $100,000 civil penalty. The SEC will provide the Court with a stipulation of settlement or voluntary dismissal with respect to the remaining defendant, Laurie Elizabeth Weiss, or be trial-ready within 30 days of the date hereof. The Clerk of the Court is instructed to close this motion;

Case 1:14-mc-00088-SEB-TAB    Document 1    Filed 09/09/14    Page 3 of 7 PageID #: 3

Case 1:99-cv-03372-LAP   Document 111   Filed 06/20/14   Page 2 of 6
Case 1:99-cv-03372-HB   Document 110-2   Filed 06/09/14   Page 2 of 6

and

WHEREAS, no separate judgment was ever entered on the Opinion & Order as required by Rule 58 of the Federal Rules of Civil Procedure; and

WHEREAS, the plaintiff Securities and Exchange Commission (the "Commission") moved for the entry of a formal judgment against the defendant Ronald L. Templin ("Templin"), and the Court (Hon. Harold Baer) heard the parties at a telephonic conference on May 9, 2014; and

WHEREAS, at such telephonic conference the Commission and Templin agreed on the terms of such formal judgment, but Judge Baer died before the parties submitted the formal judgment to him; and

WHEREAS, the Commission and Templin have agreed upon the terms of such formal judgment and have stipulated that any Judge of this Court may enter such formal judgment, it is hereby:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Ronald L. Templin and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

Case 1:14-mc-00088-SEB-TAB   Document 1   Filed 09/09/14   Page 4 of 7 PageID #: 4
Case 1:99-cv-03372-LAP   Document 111   Filed 06/20/14   Page 3 of 6
Case 1:99-cv-03372-HB   Document 110-2   Filed 06/09/14   Page 3 of 6

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Ronald L. Templin and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Ronald L. Templin is liable for disgorgement of $1,502,265.04, representing profits gained as a result of

Case 1:14-mc-00088-SEB-TAB   Document 1   Filed 09/09/14   Page 5 of 7 PageID #: 5
Case 1:99-cv-03372-LAP   Document 111   Filed 06/20/14   Page 4 of 6
Case 1:99-cv-03372-HB   Document 110-2   Filed 06/09/14   Page 4 of 6

the conduct alleged in the Complaint. No prejudgment interest shall be imposed thereon. The Defendant shall receive credit for amounts paid to date in the amount of $723,565.63, leaving a balance due of $778,699.41. No civil penalty is imposed on Defendant. Defendant shall satisfy this obligation by paying $778,699.41 to the Securities and Exchange Commission within 14 days of the entry of this Final Judgment, subject to the provisions in Paragraph IV below.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ronald L. Templin as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961 from the date of entry of this Final Judgment.

- 4 -

Case 1:14-mc-00088-SEB-TAB   Document 1   Filed 09/09/14   Page 6 of 7 PageID #: 6
Case 1:99-cv-03372-LAP   Document 111   Filed 06/20/14   Page 5 of 6
Case 1:99-cv-03372-HB   Document 110-2   Filed 06/09/14   Page 5 of 6

IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, pursuant to the equitable powers of this Court and pursuant to New York Civil Practice Law and Rules 5240, applicable by reason of Rule 69(a) of the Federal Rules of Civil Procedure, that based upon the delay in the entry of this Final Judgment and based upon the financial condition and the health of the Defendant Ronald L. Templin, that the remedies available to enforce the disgorgement obligation of the Defendant be limited as follows:

A. The Commission may not enforce such disgorgement obligation by the use of civil contempt proceedings.

B. The Commission may register this Final Judgment in the Southern District of Indiana and may place a judgment lien on real property owned by the Defendant in Kokomo, Indiana to enforce such disgorgement obligation. The Commission may not take any action to foreclose or to otherwise enforce this judgment lien until the earlier of (i) the Defendant's death or (ii) the sale or attempted sale of the property by the Defendant.

C. The Commission may not enforce such disgorgement obligation by execution, levy, or garnishment against any property of the Defendant.

D. The Commission may not enforce such disgorgement obligation by offset against any veteran's benefits, disability benefits, or social security benefits payable to the Defendant pursuant to the Treasury Offset Program.

The Court may modify the foregoing upon motion by the Commission or by the Defendant for good cause shown.

V.

Case 1:14-mc-00088-SEB-TAB    Document 1    Filed 09/09/14    Page 7 of 7 PageID #: 7
Case 1:99-cv-03372-LAP   Document 111   Filed 06/20/14   Page 6 of 6
Case 1:99-cv-03372-HB   Document 110-2   Filed 06/09/14   Page 6 of 6

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:   New York, New York
         June 19, 2014

_Loretta A. Preska_
UNITED STATES DISTRICT JUDGE

The undersigned agree that the above accurately reflects the full and complete terms of the agreement reached between them in a telephonic conference with Judge Harold Baer on May 9, 2014:

_John J. Graubard_
JOHN J. GRAUBARD
Attorney for Plaintiff
Securities and Exchange Commission

Dated:   New York, New York
         June 4, 2014

_Ronald L. Templin_
RONALD L. TEMPLIN
Defendant Pro Se

Dated:   Kokomo, Indiana
         June 5, 2014

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY _____
        Deputy Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON 6/20/2014

- 6 -